ALEX MOFFIT & SONS, Appellees, v. PRICE BROTHERS, Appellants.

GUARANTY: Construction—Reimbursement of Surety. Writing re-
1   viewed, and held to be a guaranty for the reimbursement of a
    surety.

CONTRACTS: Construction—Mutual Construction. The plain and
2   definite terms of a contract cannot be controlled by the so-called
    mutual construction of the parties.

*Appeal from Cedar District Court.*—F. L. ANDERSON, Judge.

MAY 15, 1923.

REHEARING DENIED DECEMBER 14, 1923.

ACTION to recover on a certain written instrument claimed to be a guaranty. Both parties moved for judgment on the pleadings, interrogatories, and answers thereto, and a stipulation. The court sustained the plaintiffs' motion, and rendered judgment for plaintiffs for $35,166 and costs. Defendants appeal. The facts appear in the opinion.—*Affirmed.*

*Carr, Cox, Evans & Riley,* for appellants.

*J. C. France,* for appellees.

FAVILLE, J.—No evidence was offered in the case, and the facts must be gathered from the pleadings, the answers to cer-

tain interrogatories attached to appellees' petition, and a stipulation by the parties. It appears therefrom that one John T. Beamer was engaged in promoting the sale of an extensive tract of land in the state of Texas; that the said operations were conducted in the name of John T. Beamer and the John T. Beamer Company; that the appellants had loaned certain sums to said parties, and a further loan of $100,000 was solicited for a period of ninety days; that, in order to enable the said John T. Beamer and the John T. Beamer Company to procure said loan of $100,000 from the appellants, the appellees offered to loan their credit to the extent of $25,000; that thereupon, the appellants loaned to the said Beamer and Beamer Company the sum of $100,000, and received as evidence thereof the note of the said Beamer and Beamer Company, dated July 1, 1915, and payable September 28, 1915; that, in anticipation of the said loan, the appellees executed and delivered to the appellants their three promissory notes, aggregating the total amount of $25,000, which notes were made payable October 1, 1915; that, at the time of the execution and delivery of the said notes, the appellants entered into a written agreement with the appellees as follows:

"Tipton, June 24, 1915.

"In consideration of value rec'd—I W D Price do hereby promise and agree the notes given me today of $10,000.00 $10,000.00 and $5,000.00 respectively due Oct. 1, 1915, payable to John T. Beamer Company to be used as collateral to a certain loan being made by me for the benefit and use of John T. Beamer Company shall and will be repaid out of the first funds received by me from John T. Beamer Company, John T. Beamer or from the sale or mortgaging of lands or sale of stock.

"As funds are received or payments made said notes shall be cancelled and the notes returned to Alex Moffit and Sons, Mechanicsville, Iowa.

"Albert H. & Walter D. Price.
"By Walter D. Price."

It further appears that the appellees paid $15,000 of their said obligation on or about March, 1916, and the remaining $10,000 in December of 1917. On or about the 10th of June,

1916, upon demand of appellants, Beamer and the Beamer Company executed to appellants a promissory note for the sum of $82,846.09. This represented the balance then due on the loan of $100,000, after deducting the $25,000 represented by appellees' notes. At said time, the appellants obtained a trust deed from Beamer and the Beamer Company to certain lands in Texas, to secure said obligation; and on June 16, 1916, Beamer and the Beamer Company conveyed all of the lands which they had previously held in Texas to the so-called Beamer syndicate, which held the same under a declaration of trust; and it is stipulated that the appellants have received $35,955.09 in cash from the securities given to them by Beamer and the Beamer syndicate. It is the contention of the appellees that, under the terms and provisions of the written agreement above set forth, they are entitled to recover from appellants the said sum of $25,000 paid by them to the appellants, with interest thereon.

I. The first question that confronts us is the proper construction to be placed upon the language of the writing itself. No evidence having been offered, we must construe this writing

1. Guaranty: construction: reimbursement of surety.

in the light of the allegations of the pleadings and the answers to interrogatories which, for the purpose of the motion for judgment, are admitted to be true.

The written instrument could undoubtedly have been more aptly worded to have expressed the intention of the parties, but we do not regard it as so ambiguous and uncertain as to be of doubtful interpretation. It appears therefrom that the appellants specifically promised and agreed to do certain things. It clearly appears that the three notes of appellees therein referred to, all due October 1, 1915, and aggregating $25,000, made payable to John T. Beamer Company, were to be held by the appellants "as collateral" to a loan made by appellants for the use and benefit of the Beamer Company. This loan was for $100,000. It also appears from the record that the loan was to be made for a period of ninety days, and it is apparent that, if the same had been paid within the said period, the appellees would not be required to pay said collateral notes. The $100,000 obligation of the Beamer Company became due September 28, 1915, and the collateral notes of appellees were due October 1, 1915;

and it is fair to assume that the parties contemplated, at the
time the original transaction took place, that the Beamer obliga-
tion would be discharged within the ninety-day period, and the
appellees' collateral notes thereupon canceled and returned.
The contract, however, did not provide for such a contingency,
and did not contain any recital that would discharge the ap-
pellants from their obligations under the contract to the appel-
lees, in the event that appellants did not realize anything from
Beamer or the Beamer Company before the due date of appel-
lees' notes.   There is no time limit in the contract.   What the
parties anticipated might be done within the ninety-day period
in the matter of disposing of the Texas land and the paying of
the Beamer obligation of $100,000 is not very material to the
determination of the proper construction to be placed upon the
written instrument, because of the fact that no limitations of
this character were recited in the written instrument, and all
of the parties thereto are bound by the terms therein expressed.

It is insisted that the parties expected that the Beamer loan
of $100,000 would be repaid in installments as the Texas lands
were sold.   Even if this were true, it would in no way affect the
terms of the written instrument.

It is contended that the obligation of the appellants was to
''cancel and return'' the notes of appellees.   That is true, and
wholly consistent with the agreement that the notes were to be
held as collateral.   The contract does no more than, in effect,
provide that, if funds were received or payments made by
Beamer which satisfied his obligation, appellees' notes would
be canceled and returned.   This was wholly consistent with their
being held as collateral security.   But the contract also pro-
vides that the notes should be ''repaid'' out of the funds re-
ceived from Beamer or the Beamer Company, or from the sale
or mortgaging of other securities.   In other words, the contract
provides that, if the Beamer loan should be paid by the principal
debtor, without calling on the appellees, then the notes held as
collateral should be canceled and returned; or, if the collateral
notes were paid by appellees, that the amount so paid should be
''repaid'' out of the funds that were received from the Beamer
properties by appellants.

It is argued, however, that the written instrument recites

that appellees' notes were given and received "as collateral," and that, if the written instrument requires the appellants to "repay" to appellees the amount paid on the collateral notes, regardless of the fact that there were no payments made by Beamer upon his note, the attempt to create a collateral obligation was "utterly vain." We do not so construe it. Of course, the money would not be "repaid" to appellees unless they are called upon in the first place to pay their notes; but the contract does provide that, if the appellees do pay their obligation, which was collateral to appellants' loan to Beamer, appellants would repay the same out of the first funds received by them from Beamer or from the securities referred to. This was not inconsistent with the recital in the writing that it was held ".as collateral." If Beamer paid his obligation, the notes would be "canceled and returned." If appellees were called upon to pay their notes, which they did, the appellants agreed to repay them "out of the first funds" received from Beamer, or from the specified securities.

II. It is contended by the appellants that the surrounding circumstances, as set forth in the record, render the written instrument unenforcible as against the appellants; that there was

2. CONTRACTS: · construction: mutual construction.

a mutual and practical construction placed upon the written instrument by the parties that is controlling as to the true interpretation.

Where a writing is obscure or ambiguous, the courts very properly take into consideration all pertinent facts and circumstances surrounding the parties and their acts and conduct in regard to the instrument, for the purpose of arriving at the true interpretation to be placed thereon. There is, however, no such ambiguity and uncertainty in the written instrument herein as requires a court to look to extraneous facts and circumstances in order to construe it.

It is undoubtedly true that all of the parties concerned in the transaction anticipated, and doubtless entertained the hope, that, .before the first of October, when the appellees' notes became due, Beamer would be able to dispose of his land speculations in Texas and pay off a substantial portion, or all, of his obligation to the appellants. The fact that the appellees' obligation of $25,000 was made in three notes, two of $10,000 each

and one of $5,000, all dated and made due on the same day, lends support to the contention that the parties anticipated the successful outcome of Beamer's venture in Texas lands, and expected that, as his payments came in to meet his obligations, the appellees' notes would be canceled and returned; or that, in the event that Beamer's note ran past the maturity of appellees' notes, without payment, appellees would pay their notes, and would be repaid out of the proceeds derived from the disposition of the Beamer securities. However, we fail to find in the record any evidence of any mutual and practical construction of the contract by the parties inconsistent with its terms and provisions. Appellees paid their notes with interest, as they became due. They knew that appellants were extending time to Beamer and taking new security and releasing a portion of the original security, and did not object thereto. Such conduct, however, was not inconsistent with the express provisions of the written instrument, and is not a mutual and practical construction of the same contrary to or at variance with the terms embodied therein.

It is also contended that the appellees are estopped to insist upon the repayment to appellees of the amount paid by them on said notes, out of the funds received by appellants from the Beamer properties referred to in the written instrument. Appellants insist that appellees are now estopped from asserting their claim to reimbursement under the contract, because of the fact that they stood by and permitted appellants to apply the collateral notes to the reduction of the principal debt, and to accept a new note with security for the difference only, and also because of appellees' refusal to join with appellants in insisting upon and obtaining additional security from Beamer, although they had opportunity to do so, and were urged by appellants to obtain such security.

We are satisfied, from a careful examination of the record, that appellees neither waived the terms and conditions of the written contract nor are they in any manner estopped from claiming the benefit thereof. The action was at law. The appellees paid to the appellants the amount of the notes which they delivered to appellants under said written contract. The appellants concededly have received funds from Beamer and

the Beamer Company in excess of the amount so paid them by appellees, and, under the terms of their written contract, they must "repay" to appellees the amount so paid by them. This was their obligation, and this they must perform. If they did not intend so to do, they should have otherwise provided in the contract.

The judgment of the lower court was correct, and the same is, therefore,—*Affirmed.*

PRESTON, C. J., STEVENS, ARTHUR, and DE GRAFF, JJ., concur.

EVANS, J., not participating.